[Civ. No. 89. Fourth Appellate District.—July 28, 1930.]

COREY J. SPENCER et al., Respondents, v. F. H. LANCASHIRE, Appellant.

H. B. McClure for Appellant.

Feemster & Cleary for Respondents.

STROTHER, J., *pro tem.*—This is an action to recover a balance, claimed by plaintiff to be due from defendant, of proceeds of oranges sold by defendant for plaintiff, and not accounted for. Judgment was given in favor of plaintiff, from which defendant appeals upon the sole ground that it is not sustained by the evidence.

█ Plaintiff and defendant, in August, 1921, entered into a contract by which plaintiff agreed to deliver to defendant the crops of oranges grown in his orchard in Tulare County, for the term of five years. Defendant was to do everything necessary to prepare the oranges for marketing, and act as agent for plaintiff in selling them. Out of the proceeds defendant was to retain the charges for his services, and to pay over the balance to plaintiff. In the year 1926 plaintiff delivered the crop in lots as called for by defendant, at his packing-house, and from time to time, during the picking and shipping season, defendant sold the oranges, and rendered accounts of sales and charges to plaintiff, and made payments to him, a final account being made in October, 1926, covering the season's transactions, showing a balance of $744.60 due plaintiff, a check for that amount being inclosed. This plaintiff refused and brought the action.

In these interval statements, defendant showed the number of lugs received, and the number of boxes packed out, making a total of 4,650 and 3,030, respectively, or a number of packed boxes equal to sixty-five per cent of the number of lugs received. In the final statement he showed that he had received a total of 5,094 lugs, an excess of 444 over the number shown by the partial statements. Assuming the same percentage of packout as shown by the partial statements, there appeared to be 288 packed boxes unaccounted for, and the court so found.

To rebut the inference from the above facts, which were uncontroverted, the testimony on the part of the defendant was to the following effect:

That when the oranges were received at the packing-house, they were put into a sweat-house for some days to color the fruit, and that the number of lugs given on each of the several statements was merely an estimate of the number received, the true total number being only shown in the final statement. That about eighty per cent of the lugs were what are known as "special" lugs, each holding about eight pounds of fruit less than a "standard" lug, and that many of the lugs as delivered at the packing-house were not well filled, thereby accounting for the apparent discrepancy in the statements.

On the other hand defendant and his employees admitted that an accurate account of each delivery was kept, as the lugs were tagged when placed in the sweat-house, a diagram of their location in it made, giving the number of lugs, this being posted on the door of the house when it was closed. Testimony in rebuttal, on behalf of plaintiff, was to the effect that there was a very slight, if any, difference in capacity between a "special" and a "standard" lug, and that the lugs, when delivered, were well filled. Considering this conflict in the evidence, the finding of the court that 288 packed boxes had not been accounted for cannot be disturbed.

The only other question raised on the appeal is whether plaintiff was entitled to interest from August 2, 1926, the date of the last sale accounted for by defendant, or October, 1926, the date of the final statement. As the defendant showed no sale subsequent to the former date, we think the court correctly fixed the date from which interest should be computed.

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.